NEWMAN, Circuit Judge,
concurring in part and dissenting in part:
I agree with all of the Court’s conclusions except the remand for trial of plaintiff’s claim against Emmer for the value of the JNT portfolio securities alleged to have been fraudulently transferred from JNT to Emmer.
Emmer received the portfolio securities under the following circumstances. Ta-batchnick borrowed $50,000 from Citibank secured by collateral that had been made available by Taub for one year. Tabatch-nick loaned the $50,000 to JNT. In order to renew his loan to JNT, Tabatchnick needed to continue the bank’s loan to him. Because the original collateral for Tabatch-nick’s loan had to be returned, new collateral was needed. Emmer supplied Tabatch-nick $98,000 worth of Emmer’s own securities to enable JNT to continue enjoying the proceeds of Tabatchnick’s loan. Tabatch-nick transferred to Emmer the JNT portfolio securities as security for return of Em-mer’s own securities.
Emmer lost every penny of the $98,000 worth of securities he furnished to keep JNT afloat. Now he is told he may also have to pay as damages the value of the portfolio securities he received to protect him against the risk that his own securities might not be returned. Can it be that someone who tries to help a financially troubled corporation is worse off when he receives security for his assistance than he would have been if he had received no security?
Under the second proviso of § 67(d)(6) of the Bankruptcy Act, 11 U.S.C. § 107(d)(6), “[a] lienor . . . who without actual fraudulent intent has given a consideration *1052 less than fair . . . for such . lien . . . may retain the lien ... as security for repayment.” Of course the lien does not extend beyond the amount of the consideration the lienor has extended. In re Peoria Braumeister Co., 138 F.2d 520 (7th Cir. 1943). While there is room for dispute in this case as to whether Emmer furnished fair consideration, there can be no dispute that he furnished for the benefit of JNT some consideration. He thus has a lien in the property transferred to him to the extent of his consideration. I do not believe the second proviso of § 67(d)(6) gives the lienor the right to retain his lien only at his peril of responding in damages for any decline in the market value of his security.
It may be that a trustee can seek the aid of the bankruptcy court to have a lienor’s security sold and the lien transferred to the proceeds in order to guard against the risk of a decline in the value of the lienor’s security. But the trustee here sought no such relief. I would dismiss the complaint as to Emmer.